# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TONYO POWELL, | : | Case No. 1:18-cr-61 |
| | : | (1:20-cv-138) |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

## OPINION & ORDER

This matter is before the Court upon Petitioner Tonyo Powell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 36). The Government filed a Response in Opposition. (Doc. 40).

## I. BACKGROUND

Petitioner was indicted on the following charges: four counts of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts 1-4); one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (Count 5); and one count of possession of a firearm in furtherance of an offense in violation of 18 U.S.C. § 924(c) (Count 6). (Doc. 1). Petitioner pled guilty to Count Six of the Indictment. (Doc. 18). The Court sentenced Petitioner to an eighty-month term of incarceration, which was the agreed-upon sentence in the Plea Agreement. (Docs. 17, 26). The Court also sentenced Defendant to three years of supervised release following the term of incarceration and a mandatory $100.00 special assessment. (Id.) The Court dismissed Counts through Five. (Doc. 25). Petitioner did not file an appeal.

Petitioner sets forth one ground for relief in his petition under 28 U.S.C. § 2255. Petitioner argues that his trial counsel was ineffective because she "failed to object that I should have been sentenced under 922g [sic] instead of 924(c) because there's no crime of violence or no drug trafficking crime to support the 924(c) charge." (Doc. 36, PageID 97). Petitioner also maintains that his § 924(c) charge cannot stand because the Court dismissed the underlying drug trafficking offenses.

III. ANALYSIS

A. Standard of review

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967).

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999)). However, no hearing is required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*.

A. Ineffective assistance of counsel

A petitioner claiming ineffective assistance of counsel must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland*'s two-part test governs

claims of ineffective assistance of counsel. Under the first or "performance" prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. However, a court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy." *Id*. at 689. Under the second or "prejudice" prong, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S. Ct. 1376, 1386, 182 L. Ed. 2d 398 (2012) (quoting *Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)).

As the Government points out, Petitioner pled guilty to violation of 18 U.S.C. § 924(c), not a violation of 18 U.S.C. § 922(g). To the extent that Petitioner argues that he should have been sentenced under 18 U.S.C. § 922(g) and not 18 U.S.C. § 924(c) because the underlying drug trafficking offenses were dismissed, the Sixth Circuit has held that a defendant can be convicted under § 924(c) in the absence of any conviction of an underlying drug offense. *See United States v. Helton*, 86 F. App'x 889, 892 (6th Cir. 2004) ("It is not necessary for [the defendant] to have been convicted of the drug trafficking offense on which a § 924(c) charge is predicated"); *United States v. Ospina*, 18 F.3d 1332, 1336 (6th Cir. 1994) ("To establish the required predicate, the fact of the

3

offense rather than a conviction is all that is necessary."). Because this claim lacks merit, counsel did not perform ineffectively by failing to raise the argument. *See Rashad v. Lafler*, 675 F.3d 564, 571 (6th Cir. 2012); *see also Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) ("Counsel could not be unconstitutionally ineffective for failing to raise these meritless arguments.").[1]

Therefore, it was not ineffective assistance of counsel for Petitioner's attorney to object at sentencing on this basis.

## IV. CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.

Accordingly, Petitioner Tonyo Powell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 36) is **DENIED**.

Further, the Court will not issue a certificate of appealability. The Court concludes that none of the claims raised by Petitioner in his motion, which have been decided on the merits, are debatable among reasonable jurists, could be resolved differently on appeal or are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*,

---

[1] Moreover, the Government explains that under 18 U.S.C. § 922(g), Petitioner would have been subject to 100-125 months' incarceration, a range higher than the sentence the parties agreed upon and the sentence the Court imposed. (Doc. 40, PageID 115-16).

4

529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In addition, Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b).

    **IT IS SO ORDERED**.

                                                             */s/ Michael R. Barrett*
                                             Michael R. Barrett, Judge
                                             United States District Court